**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY LOUIS LAMON, | No. 11-17796 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-01390-LJO-GBC |
| v. | |
| J. MASIEL, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

California state prisoner Barry Louis Lamon appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging civil rights

violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and based on res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Lamon's access to courts claim at screening because the second amended complaint failed to state facts suggesting that the alleged interference hindered Lamon's efforts to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (setting forth actual injury requirement).

The district court also properly dismissed Lamon's claims with respect to the supervisory defendants because the second amended complaint failed to state the supervisors' personal involvement in the alleged constitutional deprivation or a sufficient causal connection between any supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011) (setting forth requirements for supervisory liability).

The district court properly dismissed the remainder of the action as barred by the doctrine of res judicata because Lamon raised, or could have raised, his claims in a prior action that involved the same nucleus of facts and was decided on the merits. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res judicata ... bars litigation in a subsequent action of any claims that

were raised or could have been raised in the prior action." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Lamon's motions for reconsideration because Lamon failed to show grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth elements for reconsideration and standard of review).

Lamon's remaining contentions are unavailing.

The Clerk shall file the Reply Brief received June 25, 2012.

**AFFIRMED.**